UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIJAH DOMINGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>F. DEVENS HOSPITAL, et al.,<br><br>    Defendants. | Civil Action No. 25-12364-MJJ |

## MEMORANDUM AND ORDER

March 5, 2026

JOUN, D.J.

    Plaintiff Elijah Dominguez, ("Dominguez" or "Plaintiff") who is in custody at FMC Devens and proceeding *pro se*, has filed a complaint without payment of the filing fee or a motion seeking leave to proceed without prepayment of the filing fee. In addition, he filed motions for permanent injunction, for appointment of counsel, for discovery, for hearing and for service of the complaint.

    For the reasons stated below, Dominguez' motions are denied. If Dominguez wishes to proceed with this action, he must (1) either pay the filing fee or file a Motion for Leave to Proceed in forma pauperis with a copy of his inmate account statement; and (2) file an Amended Complaint.

**I.    BACKGROUND**

    Dominguez initiated this lawsuit by filing his one-page Complaint titled "Medical Malpractice Lawsuit." [Doc. No. 1]. The case caption identifies FDC Devens Hospital and Dr. Kissinger as Defendants. [*Id.*]. As best can be gleaned from the allegations, Dominguez contends that rather than using a test, Dr. Kissinger uses "speculation and observation" to make the determination that an "individual is a danger to him-self or other[s]." [*Id.*]. He complains of Dr.

Kissinger's alleged "fraudulent use of medical license through threats and forced coercion of involuntary medication without providing proper testing claiming falsely that Mr. Dominguez has a chemical imbalance without [providing] proper testing." [*Id.*]. For relief, he seeks "damages, [unintelligible], injunctive relief, declaratory relief and nominal damages." [*Id.*].

## II.   SCREENING OF THE COMPLAINT

Because Dominguez is in custody at FMC Devens, the complaint is subject to screening under 28 U.S.C. § 1915A. That statute requires federal courts to dismiss an action if, among other things, it fails to state a claim on which relief may be granted. *See id.* Although the Court liberally construes Dominguez' pleadings because he is proceeding *pro se*, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), this action is subject to dismissal.

## III.   DISCUSSION

Reading the Complaint generously, the Court finds that it is without jurisdiction to adjudicate Dominguez' medical malpractice claim. Allegations of medical malpractice or negligent treatment do not trigger constitutional protection. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Here, the Complaint does not allege a federal question under 28 U.S.C. § 1332, and given the fact that the parties are located in Massachusetts, this Court is without diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Assuming Dr. Kissinger is a federal employee that works at FMC Devens, Dominguez may seek to bring a claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The *Bivens* doctrine allows a plaintiff to vindicate certain constitutionally-protected rights through a private cause of action for damages against federal officials in their individual capacities. *See DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008). The Supreme Court has recognized few contexts where *Bivens* claims may be available, including one type of prisoner civil rights claim arising under the Eighth Amendment. *See Ziglar v. Abbasi,* 582 U.S. 120, 131

(2017) (citing *Carlson v. Green*, 446 U.S. 14, 20-23 (1980) (*Bivens* remedy available for Eighth Amendment medical care claim)).

If Dominguez wishes to pursue this action, he will be provided with additional time to address the filing fee and file an amended complaint.

## V.     CONCLUSION

In accordance with the foregoing, the Court hereby orders:

(1)     The motion [Doc. No. 2] for permanent injunction; the motion [Doc. No. 5] for appointment of counsel, the motion [Doc. No. 6] for discovery, the motion [Doc. No. 8] for hearing and the motion [Doc. No. 9] for service of the complaint are DENIED.

(2)     If Dominguez wishes to proceed with this action, he must (1) either pay the filing fee or file a Motion for Leave to Proceed *in forma pauperis* with a copy of his inmate account statement; and (2) file an Amended Complaint in accordance with the requirements discussed above.

(3)     Failure to comply with this Memorandum and Order within thirty-five (45) days, that is by April 20, 2026, will likely result in dismissal of this action.

**So Ordered.**

                                                       /s/ Myong J. Joun
                                                     United States District Judge

Dated: March 5, 2026